# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:** _____

Melanie Kay Appleton,
    Plaintiff

v.

Stellar Recovery, Inc.,
    Defendant

_____

## COMPLAINT AND JURY DEMAND
_____

## JURISDICTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts. Jurisdiction is proper before this Court pursuant to 15 U.S.C. § 1692k(d).

## VENUE

2. Venue is proper before this Court because Defendant has a principal place of business in this state, and because Defendant transacts business in this State.

## PARTIES

3. Plaintiff, Melanie Kay Appleton (hereinafter "Plaintiff"), is a natural person.

4. Defendant, Stellar Recovery, Inc. (hereinafter "Defendant"), is a Florida corporation, which has a place of business in the state of Colorado and is qualified to do business in the state of Colorado. Defendant was engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. During at least one of said collection attempts, Defendant held itself out as being a different collection agency, called Star Collections, when in fact it was Defendant.

7. During said collection attempts, Plaintiff disputed the validity of the debt and informed Defendant that the debt was more than ten years old. Despite the dispute, Defendant informed Plaintiff that she had three choices to resolve: file for bankruptcy protection; pay off the debt; or prove that it was resolved. Plaintiff was told that immediate action would be taken if she did not choose one of the three options. Plaintiff was not given the option of disputing the debt and/or demanding validation.

8. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Failing to disclose Defendants true corporate or business name in a telephone call to Plaintiff, including stating that Defendant's name was Star Collections, in violation of 15 USC § 1692d(6);

   b) Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including threatening that Defendant will take other actions if Plaintiff did not comply with one of three choices given, thereby overshadowing Defendant's required notification to Plaintiff regarding the 30 day dispute period, and not allowing Plaintiff to dispute the debt or demand validation, in violation of 15 USC § 1692g(b); and

    c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to take further action on a debt, where the limitation period for filing suit to collect such debt has passed, in violation of 15 USC § 1692e(5).

## TRIAL BY JURY

7. Plaintiff is entitled to and hereby demands a trial by jury.

## COUNT 1, FDCPA VIOLATIONS

8. The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

9. The acts described above constitute a violation of the FDCPA, and these acts were done willfully and intentionally.

10. Plaintiff is entitled to actual and statutory damages for the above pursuant to §1692(k).

## PRAYER

**WHEREFORE,** Plaintiff prays this Honorable Court grant the following:

A. a declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Punitive Damages;

D. Statutory damages pursuant to 15 U.S.C. § 1692k;

E.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

F.      Such other and further relief as may be just and proper.

                                       **Respectfully submitted,**

June 19, 2009                             **/s/ Tammy Hussin**
                                             **Tammy Hussin**
                                             **Weisberg & Meyers LLC**
                                             **6455 Pyrus Place**
                                             **Carlsbad, CA 92011**
                                             **866 565 1327 facsimile**
                                             **thussin@AttorneysForConsumers.com**